IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-11-AP

WILDEARTH GUARDIANS,

    Plaintiff,

v.

KEN SALAZAR, in his official capacity as
Secretary, U.S. Department of the Interior,

    Defendant.

**JOINT CASE MANAGEMENT PLAN**

**1.    APPEARANCES OF COUNSEL**

    Counsel and their respective parties are listed below.

| | |
|---|---|
| Samantha Ruscavage-Barz | Lawson Fite |
| Attorney at Law | U.S. Department of Justice |
| 17 Orno Creek Road | 601 D Street, N.W., Room 3033 |
| Placitas, NM 87043 | Washington, D.C. 20044 |
| (505) 750-1598 | (202) 305-0217 |
| Attorney for Plaintiff WildEarth Guardians | Attorney for Defendant Ken Salazar |

**2.    STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

    Plaintiff WildEarth Guardians ("Guardians") asserts that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (U.S. as a defendant), 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief), 16 U.S.C. §§ 1540(c) and (g) (action arising under the citizen suit provision of the Endangered Species Act ("ESA")), the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and the Equal Access to

1

Justice Act ("EAJA"), 28 U.S.C. § 2412. More than sixty days prior to initiating this action, Plaintiff provided Defendant with written notice of the claims alleged in the Petition for Review of Agency Action[1] and of its intent to sue. See 16 U.S.C. § 1540(g). Guardians further asserts that it has Constitutional, Article III, standing to maintain this action and that venue properly rests in the District of Colorado.

Defendant Secretary of the Interior Ken Salazar ("Secretary") reserves the right to assert jurisdictional defenses, including challenging Plaintiff's standing under Article III.

3. **DATES OF FILING OF RELEVANT PLEADINGS**

    A. **Date Complaint Was Filed:**

    January 5, 2010

    B. **Date Complaint Was Served on United States Attorney:**

    January 6, 2010

    C. **Date Answer and Administrative Record Were Filed:**

Defendant filed an Answer to the Petition for Review on March 10, 2010. Defendant has not yet filed an administrative record. Defendant proposes to file the administrative record by June 14, 2010.

4. **STATEMENT REGARDING THE ADEQUACY OF THE RECORD**

Defendant proposes filing the Administrative Record by June 14, 2010. Accordingly, Plaintiff cannot presently make any statement as to the adequacy of the Record. The parties propose that any motion concerning the contents of the Administrative Record be filed by July 14, 2010.

---

[1] The parties agree that this Court's review of this case is governed by Olenhouse v. Commodity Credit Corp., 42 F.3d 1560 (10th Cir. 1994).

**5.    STATEMENT REGARDING ADDITIONAL EVIDENCE**

As discussed in paragraph 4 above, Plaintiff may file a motion seeking to add evidence to the Administrative Record by July 14, 2010. Additionally, Plaintiff intends to support its Opening Brief on the Merits[2] with one or more declarations to provide the evidentiary support upon which Plaintiff can establish Article III standing.

Defendant intends to take discovery as to Plaintiff's standing. Plaintiff asserts that because this is an Olenhouse record review proceeding, in which discovery is generally not allowed,[3] Defendant must file a motion seeking such discovery. Defendant asserts that jurisdictional discovery is appropriate before the parties proceed to litigation of the merits of this dispute, and thus no leave of court is necessarily required before proceeding with jurisdictional discovery. However, the parties have agreed to engage in motion practice to determine whether Defendant's proposed discovery is appropriate.

The parties propose the following motion schedule regarding discovery:

Defendant shall file a motion for jurisdictional discovery by June 11, 2010. Plaintiff shall respond to the motion by June 25, 2010. Defendant shall reply by July 2, 2010.[4]

---

[2] While the parties agree that the Court must, in accordance with Olenhouse, 42 F.3d at 1580, generally manage this case under the Federal Rules of Appellate Procedure, the parties do not intend to style their briefs in strict adherence to the service, formatting, and hard copy requirements of Fed. R. App. P. Rules 31 and 32, and do not intend to file appendices in lieu of Federal Defendant's forthcoming Administrative Record. The parties agree that each brief on the merits will not exceed 30 pages in length.

[3] See Olenhouse, 42 F.3d at 1579 ("This process [referring to how "the District Court processed the Farmers' appeal as a separate and independent action, initiated by a complaint and subjected to discovery and a 'pretrial' motions practice"], at its core, is inconsistent with the standards for judicial review of agency action under the APA.").

[4] In the event that the Court holds oral argument on the motion, counsel for the parties are available July 12-16, 20-23, and 26-30, and August 2-6, 2010.

In the event Defendant's motion is granted, Defendant shall propound his initial written discovery within seven (7) days of entry of the order granting the motion. Jurisdictional discovery shall be completed within 90 days of the commencement of discovery.

**6.     STATEMENT REGARDING UNUSUAL CLAIMS OR DEFENSES:**

None.

**7.     OTHER MATTERS:**

This case is similar in procedural posture to three other cases filed by the same Plaintiff. Accordingly, the parties have agreed that the Court's ruling on Defendant's discovery motion here will guide discovery practice in the following cases:

WildEarth Guardians v. Salazar, No. 1:10-cv-00031-AP (D. Colo.) (Brian head mountainsnail)

WildEarth Guardians v. Salazar, No. 1:10-cv-00036-AP (D. Colo.) (Arapahoe snowfly)

WildEarth Guardians v. Salazar, No. 1:10-cv-00091-AP (D. Colo.) (Scott's Riffle Beetle).

**8.     BRIEFING SCHEDULE:**

Plaintiff shall file any motion regarding the contents of the administrative record no later than July 14, 2010.

As the parties intend to engage in motion practice concerning discovery, they propose that the Court not set a merits briefing schedule at this time. Instead, the parties propose that they submit a proposal for further proceedings within 14 days of the Court's decision on Defendant's jurisdictional discovery motion.

**9.     STATEMENTS REGARDING ORAL ARGUMENT:**

<u>Plaintiff's Statement</u>: Because the ESA is a unique and fairly specialized area of law Plaintiff believes that oral argument would assist the Court in its resolution of this case.

Defendant's Statement: Defendant does not specifically request oral argument in this case.

10. **CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE:**

    The parties do not consent to the exercise of jurisdiction of a United States Magistrate Judge.

11. **OTHER MATTERS:**

    The parties understand that parties filing motions for extensions of time or continuances must comply with D.C.COLO.LCivR 7.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

12. **AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

    The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this 5th day of May, 2010.

BY THE COURT:

*s/John L. Kane*
U.S. DISTRICT COURT JUDGE

APPROVED:

| /s/ Samantha Ruscavage-Barz | /s/ Lawson E. Fite (by SRB w/permission) |
|---|---|
| Attorney at Law | U.S. Department of Justice |
| 17 Orno Creek Road | 601 D Street, N.W., Room 3033 |
| Placitas, NM 87043 | Washington, D.C. 20044 |
| (505) 750-1598 | (202) 305-0217 |
| Attorney for Plaintiff WildEarth Guardians | Attorney for Defendant Ken Salazar |