IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge John L. Kane

Civil Action No. **10-cv-00011-AP**

**WILDEARTH GUARDIANS,**
    Plaintiff,
v.

**KEN SALAZAR, in his official capacity as Secretary, U.S. Department of the Interior,**
    Defendant.

---

**ORDER**

---

Kane, J.

Plaintiff WildEarth Guardians have filed a petition for review of Defendant Sec. of Interior Ken Salazar's rejection of its petition to "list" the Narrow-foot Hygrotus Diving Beetle, *Hygrotus diversipes*, under the Endangered Species Act. 16 U.S.C. § 1531-1544. Although Defendants have not filed a Rule 12(b)(1) motion challenging Plaintiff's standing to seek judicial review, they seek leave to conduct jurisdictional discovery in advance of the parties' briefing on the merits.

As a threshold matter, Plaintiff argues that the discovery sought by Defendant is inconsistent with the limited scope of review outlined in the Administrative Procedures Act, 5 U.S.C. § 500 *et seq.*, and *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994). Under the APA and *Olenhouse*, with limited exceptions, I limit my review to the evidence relied upon by Defendant in reaching the challenged decision.[1] *Id.* at 1580. Specifically, Plaintiff contends "the resolution of [its] claims is limited to that evidence proffered by the agency in the

---

[1] For an extensive discussion of the exceptions allowing consideration of evidence outside the record submitted by the agency, *see Center for Native Ecosystems v. Salazar*, 2010 U.S. Dist. LEXIS 49498 (D. Colo. 2010).

1

administrative record rather than through extra-record evidence obtained from discovery or pre-trial disclosures." *Plaintiff's Response*, Doc. 16, at 4. This statement of the law is, as noted above, generally accurate. It is not, however, applicable to evidence relating to a party's standing to appeal an agency's action. As Defendant notes, "[Plaintiff's] standing to sue was never at issue in the underlying administrative proceeding." *Defendant's Reply*, Doc. 17, at 3. Therefore, there is no record to which I can limit my review. Of necessity, I must consider extra-record evidence such as affidavits and declarations in determining Plaintiff's standing. In such circumstances, limited discovery is completely consistent with the otherwise limited nature of review dictated by the APA and *Olenhouse*.

The propriety of jurisdictional discovery aside, however, I am not convinced that such discovery need be completed before Plaintiff has presented its standing arguments and supporting declarations in its Opening Brief on the Merits. Although Defendants cite a number of cases allowing discovery when a defendant has moved to dismiss for lack of jurisdiction, *see, e.g.*, *Sivoza v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002), they fail to cite any case allowing jurisdictional discovery in the absence of any dispositive motion.[2] I see no reason to allow Defendant to peak at Plaintiff's cards before making his bet, and I will not permit jurisdictional discovery on purely speculative grounds.

Accordingly, Defendant's Motion for Leave to Conduct Jurisdictional Discovery, Doc. 9, is denied. In accordance with the Joint Case Management Plan, Doc. 7, the parties shall submit a

---

[2] I am not persuaded by Defendant's presentation of *Sierra Club v. Young Life Campaign*, 176 F. Supp. 2d 1070 (D. Colo. 2001). In *Young Life,* I denied a defendant's attempt to compel a plaintiff to provide a more definite statement identifying members the plaintiff claimed were injured and what injuries each was claiming, specific facts showing how the conduct of defendant complained of caused those injuries, and how the claimed relief would redress each of those claimed injuries. *Id.* at 1085. As I noted, under Rule 8 Plaintiff was only required to offer "a short and plain statement of the grounds upon which the court's jurisdiction depends." Allowing a defendant to seek jurisdictional discovery because a plaintiff has complied with this mandate is contrary to the intent of the permissive pleading standards articulated in Rule 8.

proposed briefing schedule including deadlines for the filing of Plaintiff's Opening Brief, Defendant's Response to Plaintiff's Opening Brief, and Plaintiff's Reply Brief no later than August 10, 2010.

Dated: July 26, 2010

              **s/John L. Kane**
              SENIOR U.S. DISTRICT JUDGE