# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. **10-cv-11-AP**

**WILDEARTH GUARDIANS,**

    Plaintiff,

v.

**KEN SALAZAR, in his official capacity as
Secretary, U.S. Department of the Interior,**

    Defendant.

## ORDER SETTING BRIEFING SCHEDULE

Kane, J.

    Pursuant to my Order Denying Defendant's Motion for Leave to Conduct Jurisdictional Discovery, Doc. 18., the parties have filed a proposed joint briefing schedule. The parties have, however, misconstrued the meaning of my Order. Although I noted that narrowly tailored jurisdictional discovery is consistent with the limited review required by *Olenhouse*, I did not intend to imply that such discovery would be permitted in this case in the absence of the filing of a dispositive motion. Contrary to the parties' understanding, Defendant cannot, upon its own whim, seek to initiate discovery without first filing a Rule 12(b)(1) motion to dismiss.

    In light of this confusion, I find it necessary to clarify the reason why the filing of a dispositive motion is a prerequisite to jurisdictional discovery. In their Motion for Leave to Conduct Jurisdictional Discovery, Defendant asserts "there would be no point in requiring the Secretary to file a [Rule 12(b)(1)] motion before conducting discovery." Doc. 9, at 8. Defendants, however, fail to fully grasp the significance of a Rule 12(b)(1) motion to dismiss.

Even if a facial challenge to a party's standing is, as Defendant alleges, "hopeless," it is not pointless. Such a motion delimits the boundaries of appropriate discovery – boundaries which are necessary to guide the resolution of any challenges to the appropriate scope of the sought after discovery. *See Sivoza v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) ("When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery <u>on the factual issues raised by that motion</u>").

Perhaps a simple analogy will help clarify this point. In deciding challenges to discovery, my role is like that of an umpire calling "balls and strikes." The filing of a Rule 12(b)(1) motion defines the strikezone. Just as an umpire cannot be relied upon to call balls and strikes if he does not know the strike zone, I cannot be expected to rule on parties' discovery challenges without knowledge of the appropriate scope of jurisdictional discovery as determined by a Rule 12(b)(1) motion.

In light of this clarification, the parties' Proposed Joint Briefing Schedule is adopted as follows. Plaintiff shall file its Opening Brief on the Merits by October 4, 2010. Defendant shall file his Response Brief by November 1, 2010. Plaintiff shall file its Reply Brief by November 15, 2010.

Dated: August 5, 2010  BY THE COURT:

/s/ John L. Kane
SENIOR U.S. DISTRICT JUDGE