IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action **No. 10-cv-00011-AP**

**WILDEARTH GUARDIANS,**

    Plaintiff,

v.

**KEN SALAZAR, in his official capacity as Secretary, U.S. Department of the Interior,**

    Defendant.

## ORDER

Kane, J.

    This matter is currently before me on Plaintiff's Motion for Reconsideration (doc. 68). In its motion, Plaintiff notes that I mistakenly observed that its standing declarant, James J. Tutchton, had not actually visited the Diving Beetle's habitat in March 2011 per his stated plans. On the contrary, Mr. Tutchton did in fact visit the Diving Beetle's habitat in March 2011. Second Declaration of James J. Tutchton (doc. 56-1) at ¶¶ 9-10.

    Plaintiff suggests that this error impacted my determination that he lacked standing to bring the instant challenge. Although Plaintiff's observation is well-taken, this mistake of fact did not impact my conclusion of law that Plaintiff lacks standing to challenge the Secretary's denial of its July 2007 petition to list the Diving Beetle.

    As I noted in my opinion granting the Secretary's Motion to Dismiss, Plaintiff shoulders the burden of establishing standing throughout the course of litigation. *Powder River Basin Res. Council v. Babbitt*, 54 F.3d 1477, 1484-85 (10th Cir. 1995). The Secretary's Motion to Dismiss

challenged, and my opinion addressed, whether Plaintiff had established standing at the time Plaintiff filed its Petition for Review.  That inquiry required a determination of whether Mr. Tutchton had established that his complained of injury was "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations omitted).  His subsequent actions are irrelevant to that inquiry, and my mistaken observation that he had not visited the Diving Beetle's habitat in March 2011 did not impact my conclusion of law.[1]

Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

Dated: January 17, 2012                                             BY THE COURT:

**/s/ John L. Kane**
Senior U.S. District Court Judge

---

[1] Faithful application of the Supreme Court's standing jurisprudence often results in an overly-formalistic result divorced from the underpinnings of the jurisdiction of federal courts.  This disconnect is especially apparent in a case such as this one, where the declarant has stated his preference for spontaneously traveling to the area without concrete plans.  Nevertheless, I am bound to apply Supreme Court precedent.